

**Please send all mail to:
TROY OFFICE**

28 SECOND STREET
TROY, NY 12180
PHONE: (518) 274-5820

200 HARBORSIDE DRIVE, SUITE 300
SCHENECTADY, NY 12305
PHONE: (518) 783-3843

511 BROADWAY
SARATOGA SPRINGS, NY 12866
PHONE: (518) 584-8886

1659 CENTRAL AVENUE, SUITE 103
ALBANY, NY 12205
PHONE: (518) 486-8800

FAX: (518) 274-5875

www.joneshacker.com

## MEMO ENDORSED

March 15, 2021

*Via CM/ECF*

Honorable Sidney Stein
United States District Court Judge
Daniel Patrick Moynihan
500 Pearl Street
New York, New York 10007

RE:  Jane Doe v. New York University, 21-cv-2199

Dear Judge Stein:

Please accept this Letter Motion on behalf of Plaintiff Jane Doe pursuant to the Southern District of New York's standing order, 19-mc-00583, and Your Honor's Local Rule 5(B). Plaintiff respectfully requests that this Court order Exhibits C, G, H, and J to plaintiff's Complaint, (Dkt. No. 1, Attachs. 4, 8-10; Dkt. No. 4, Attachs. 3, 7-9), be redacted in order to restrict any personally identifying information of plaintiff from the public docket.

### Background & Procedural History

Plaintiff Jane Doe, a freshman undergraduate, has filed this diversity action against her undergraduate institution, New York University (hereinafter "NYU"), alleging a breach of contract under New York State law for defendant's failure to follow its own student conduct procedures which resulted in her immediate suspension from the university. On March 5, 2021, defendant suspended plaintiff because she attended a private, off campus dinner with seven other individuals who all tested negative for COVID-19 prior to the dinner. NYU's policy for pandemic related disciplinary conduct, however, does not apply to off campus activities. (See Dkt. Nos. 1, Attach. 3; Dkt. No. 4, Attach. 2). Therefore, defendant, among other things, acted in excess of its jurisdiction by violating and suspending plaintiff for such conduct, which amounts to a breach of contract under New York State law.

Along with plaintiff's complaint, she filed an Order to Show Cause seeking a Temporary Restraining Order and Preliminary Injunction to enjoin defendant from imposing discipline and enforcing its unlawful suspension. (Dkt. No. 2). In addition, plaintiff filed a Motion to Proceed under a Pseudonym under Federal Rule of Civil Procedure Rule 10(a) requesting to anonymize her identity. (Dkt. No. 3).

Plaintiff now requests that the Court order any personally identifying information contained within certain Exhibits to her Complaint be redacted. (Dkt. No. 1, Attachs. 4, 8-10; Dkt. No. 4, Attachs. 3, 7-9).

## Argument

These exhibits, in which plaintiff seeks redactions of her personally identifying information, were exchanged between the parties in a confidential student conduct proceeding pursuant to defendant NYU's Student Conduct Procedures, (Dkt. No. 1, Attach. 2; Dkt. No. 4, Attach. 1), and have been protected from public disclosure during NYU's investigation and determination. Public disclosure of this confidential information contained in the exhibits, namely, the identity of plaintiff and her email address address, would subject plaintiff to unnecessary ridicule and attention without advancing any aspect of the litigation, chill litigation from future similarly situated students for fear that they need to reveal their identity in order to bring suit, and compromise the importance of safeguarding plaintiff's procedural rights when she choses to vindicate those rights in court.

The Court is mindful of the mandate in *Lugosch v. Pyramid Co. of Onondaga County*, 435 F.3d 110, 119-27 (2d Cir. 2006), which outlines the sealing standard. After documents have been declared to be judicial documents, a presumption of access attaches. *See id.*; *see also Sylvania v. Ledvance, LLC*, 20-cv-9858 (RA), 2021 WL 412241, at *1 (S.D.N.Y. Feb. 5, 2021). A court must then assess the weight of that presumption by evaluating "the role of the material at issue in the exercise of Article III judicial power and resultant value of such information to those monitoring the federal courts." *Lugosch*, 435 F.3d at 119 (internal citation omitted). Finally, a court will consider countervailing factors such as "the privacy interests of those resisting disclosure." *Id.* at 120. Ultimately, "documents may be sealed if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *In re New York Times Co.*, 828 F.2d 110, 116 (2d Cir. 1987).

These exhibits are judicial documents as they are attached to and, thus, are incorporated into, plaintiff's pleading. The role of these particular exhibits, however, is not material as the information contained within them are thoroughly described within the enumerated paragraphs in plaintiff's complaint without revealing the confidential, identifying information. Furthermore, higher values are paramount in this case as it involves highly sensitive and personal matter regarding allegations by defendant NYU that plaintiff Jane Doe attended a social event in violation of its policy during the COVID-19 pandemic. In addition, plaintiff alleges that her procedural rights have been violated in a process and proceeding conduct by defendant. Redacting only the personally identifying portions of these enumerated exhibits, rather than the entirety of the exhibits, is narrowly tailored to serve these higher values and interests.

## Conclusion

For these reasons, plaintiff respectfully requests that the Court grant her letter motion ordered redacted the portions of Exhibits C, G-H, J to plaintiff's Complaint which reveals plaintiff's identity.

Respectfully Yours,

E. STEWART JONES HACKER MURPHY LLP

*Julie Nociolo*
Julie A. Nociolo, Esq.
*Attorneys for Plaintiff Jane Doe*
Email:         jnociolo@joneshacker.com
Direct Line:   518-270-1258

**Insofar as Exhibits C, G, H, and J have been filed with plaintiff's personal identifying information redacted, this letter motion [Doc No. 7] is dismissed as moot. Plaintiff's motion to proceed under pseudonym [Doc. No. 3] is granted pending the hearing on the motion for preliminary injunction.**

**Dated: New York, New York**
         **March 15, 2021**

                                      **SO ORDERED:**

                                      _____
                                      **Sidney H. Stein, U.S.D.J.**