UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JANE DOE,

                     Plaintiff,

           -against-

NEW YORK UNIVERSITY,

                     Defendant.

Civil Action No. 21-cv-2199 (SHS)

# REPLY MEMORANDUM OF LAW
## IN FURTHER SUPPORT OF THE PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION

**E. STEWART JONES HACKER MURPHY LLP**
JULIE A. NOCIOLO, ESQ.
SDNY Bar Roll No. JN5887
*Attorney for Plaintiff Jane Doe*
28 Second Street
Troy, New York 12180
Tel. (518) 274-5820

**MUDRICK & ZUCKER, P.C.**
ADAM D. ZUCKER, ESQ.
Attorney ID. 53214
Admitted Pro Hac Vice
*Attorney for Plaintiff Jane Doe*
325 Sentry Parkway
Building 5 West. Suite 320
Blue Bell, PA 19422
Tel. (610) 832-0100

**PRELIMINARY STATEMENT**

Plaintiff Jane Doe, a now 19-year-old college freshman, commenced this diversity breach of contract action against her university, defendant New York University, following its unlawful suspension of Doe for the violation of its COVID-19 protocol. NYU found that Doe was depicted in a photograph posted on social media without a mask near three other individuals at an off-campus dinner unaffiliated with NYU with less than 10 attendees all who had previously tested negative for the COVID-19 virus. NYU was alerted to this maskless photograph by another student who did not attend the dinner through its anonymous reporting system dubbed by the university as the "COVID Compliance Line." NYU encourages students to report on each other if they witness COVID-19 violations including a student's failure to wear a mask or social distance. By suspending Doe, NYU prohibited her from attending classes—even remotely—and required her to leave her residence hall approximately a week later. NYU's decision forced Doe to return to her home in California and barred her from finishing her nearly half completed courses despite paying nonrefundable tuition for the Spring 2021 semester.

Contemporaneous with her complaint, Doe filed by order to show cause a request for a temporary restraining order and preliminary injunction to enjoin NYU from imposing its disciplinary sanction. Dkt. No. 2. On March 17, 2021, this Court issued a temporary restraining order permitting Doe to return to class. Dkt. No. 13. The Court's Order required plaintiff to post $5,000 in security, see id., which she did on March 19, 2021. See March 19, 2021 Docket Entry. The court set a briefing schedule on Doe's preliminary injunction motion. In opposition, NYU filed, among other submissions, the declarations of three NYU student conduct administrators detailing the universities numerous communications with students regarding the university's response to the COVID-19 pandemic. The declarations also include information about the

student conduct administrators' personal interactions with Jane Doe and the other students depicted in the photograph posted to one of the student's SnapChat stories. Plaintiff submits this reply memorandum in response to NYU's opposition papers.

The Court has scheduled argument on Jane Doe's motion for a preliminary injunction on the afternoon of April 13, 2021. Dkt. No. 13. Following argument, there will be only 19 class days remaining in the Spring 2021 semester.

## ARGUMENT

### I. THIS COURT SHOULD GRANT JANE DOE'S MOTION FOR A PRELIMINARY INJUNCTION.

#### A. But for the Court's Grant of Injunctive Relief, Jane Doe Would be Irreparably Harmed by NYU's Suspension for the Remaining 19 Days of the Spring 2021 Semester Sacrificing Doe's Partially Completed Coursework.

Doe has earned a 3.66 GPA and is pursuing a premed path to follow in her mother's footsteps to become a physician. Dkt. No. 2, Attach. 3 ¶¶ 6-7. She planned to work in an internship targeted towards her career path in medicine and was already provided a contact by one of her NYU professors to work in a laboratory. See id. ¶ 8. If NYU's suspension is not enjoined by the Court, Doe will not be able to participate in that program. See id.

NYU argues that Jane Doe will not be irreparably harmed because she can be compensated for her injuries because she sought damages in her complaint. This argument is specious. Doe, like any other plaintiff, has plead all relief which she is entitled to under the law including specific performance of the implied contract between a student and a university.

In addition, NYU maintains that a suspension is "harmful" but not "irreparable." Dkt. No. 33 at 22. Doe has already completed over half of the semester. Nineteen class days remain in the Spring 2021 semester before the final day of class on May 10, 2021. See "Academic Calendar," NEW YORK UNIVERSITY, *available at* http://www.nyu.edu/students/student-

information-and-resources/registration-records-and-graduation/academic-calendar.html (last visited April 6, 2021). Doe stands to lose all of her course credits for Spring 2021 without a preliminary injunction extending the temporary restraining order enjoining NYU from imposing its suspension. Such a loss of course credit midway through a semester has been recognized by courts in the Second Circuit to be irreparable harm. *See Doe v. Rensselaer Polytechnic Institute*, 20-cv-1359 (BKS/CFH), 2020 WL 6544607, at *6 (N.D.N.Y. Nov. 6, 2020) (concluding "[p]laintiff's allegations that he will lose the work he completed prior to his mid-semester suspension if he is unable to return is sufficient to show irreparable harm"); *Bhandari v. Trustees of Columbia Univ.*, No. 00-cv-1735 (JGK), 2000 WL 310344, at *5 (S.D.N.Y. Mar. 27, 2000) (holding student plaintiff demonstrated irreparable harm when suspended midway through semester and would lose "the benefit of the work he has already performed this semester"); *Cf. Doe v. Vassar Coll.*, No. 19-cv-9601 (NSR), 2019 WL 6222918, at *6 (finding student plaintiff did not show irreparable harm where he was suspended "for a single semester at the *beginning* of his senior year" (emphasis added)).

      **B.**    **Jane Doe Sufficiently Demonstrated Both a Serious Question on the Merits of Her Contract Claim and a Likelihood of Success on the Merits.**

In a motion for a preliminary injunction on a prohibitory injunction[1] a plaintiff must only "show a greater than fifty percent probability of success." *Citigroup Glob. Mkts., Inc. v. VCG Special Opportunities Master Fund Ltd.*, 598 F.3d 30, 34-35 (2d Cir. 2010). "By extension, prohibitive relief may be warranted even though there remains 'considerable room for doubt' about whether the plaintiff will ultimately prevail." *Doe v. Rensselaer Polytechnic Institute*, 20-cv-1185, 2020 WL 6118492, at *5 (N.D.N.Y. Oct. 16, 2020) (quoting *Eng v. Smith*, 849 F.2d 80,

---

[1] NYU agrees that Doe seeks a prohibitory injunction. Dkt. No. 33 at 12. For a thorough discussion on the types of preliminary injunctions please see Judge Hurd's decision in *Doe v. Rensselaer Polytechnic Institute*, 2020 WL 6118492, at *5 (N.D.N.Y. Oct. 16, 2020).

82 (2d Cir. 1988)).  Specifically on the prong going to the merits of a plaintiff's claim, she must demonstrate "'either (a) a likelihood of success on the merits, or (b) sufficiently serious questions going to the merits of its claims to make them fair ground for litigation." *Otoe-Missouria Tribe of Indians v. New York State Dep't of Fin. Servs.*, 769 F.3d 105, 110 (2d Cir. 2014) (quoting *Lynch v. City of N.Y.*, 589 F.3d 94, 98 (2d Cir. 2009) (internal quotation marks omitted)).

<u>First</u>, NYU argues that an Article 78 proceeding under New York State's Civil Practice Law and Rules is the exclusive legal mechanism to challenge private university action.  Dkt. No. 33 at 13-15.  This argument is no surprise to plaintiff because it permits NYU to argue under a standard more deferential to university decisionmaking.  *See Matter of Kickertz v. New York Univ.*, 25 NY3d 942, 944 (2015) (holding in an Article 78 action a private university need only "substantially compl[y]" with its established disciplinary procedures).  However, plaintiff elected to bring her lawsuit before this Court in the Southern District of New York under permissible rules of diversity jurisdiction.  NYU would likely have preferred to defend an Article 78 action in state court, however, that is not Doe's claim and this is not that forum.  Plaintiff—not defendant—is the master of her complaint.

<u>Second</u>, Jane Doe, a now 19-year-old college freshman, has raised sufficiently serious questions on the merits of her breach of contract claim.  In NYU's filed declarations, its student conduct administrators identify no less than nine contacts[2] with students notifying them through a range of mechanisms (emails, videos, policy amendments, and website updates) about the university's response to the COVID-19 pandemic.  See generally Dkt. No. 28.  Many of these communications contained embedded hyperlinks to other guidance documents.  See Dkt. No. 28

---

[2] Craig Jolley, NYU's Director of the Office of Student Conduct and Community Standards, submitted a declaration stating that "[i]n the interest of brevity, [he] address only the most relevant updates" that were communicated to NYU students.  Dkt. No. 28 ¶ 19.

¶ 24, see also Dkt. No. 29 ¶¶ 7, 12.  Language in these communications ranged from that of policies updates to NYU's Student Conduct Policy, Dkt. No. 28 ¶ 10, to informal guidance generally advising students, Dkt. No. 28 ¶ 21 ("[a]ll non-essential gatherings of any type should be avoided"), Dkt. No. 28 ¶ 26 (a Fall 2020 video "instruct[ing] students to avoid off-campus events and locations, such as parties and bars, because of the role they have played in the spread of COVID-19"), Dkt. No. 28 ¶ 41 ("stay away from gatherings where there are no masks or distancing, even at off-campus locations and private residences"), Dkt No. 28 ¶ 43 (NYU "recommend[ed] that [students] be equally cautious and do your best to restrict your personal interactions to a small circle of people," students still "must continue to observe safety precautions when socializing within that circle").  NYU's communications whether by video, email, formal policy, or website updates were at best unclear to a student who is subject to the university's dynamic change in policy based on its response to the pandemic.

It is black letter law that ambiguous contract language should be construed against the drafter.  The same principle holds true in this case where Doe, a 19-year-old college freshman, was required to comply with the shifting protocols unilaterally issued by her university.  While, as a general matter, it is not disputed that the university had issued policies to address the spread of COVID-19 throughout its university community, the specific prohibited conduct was at best unclear to students bound to NYU's policy.

Based on the above, Doe has raised a sufficiently serious question going to the merits of her implied breach of contract claim recognized under New York State law and properly before this Court under its diversity jurisdiction.

      **C.**    **The Balance of the Equities Militate in Jane Doe's Favor and Injunctive Relief is in the Public Interest.**

Doe knows that the pandemic is real and serious.  She acknowledges that the pandemic

has created difficult enforcement decisions for NYU.  However, here, as stated in her opening Memorandum of Law, Dkt. No. 2, Attach. 2 at 19, NYU stands to suffer no harm if the injunction is granted.  Permitting Doe to resume classes remotely from California poses *zero* risk of harm to NYU, its student or its staff.  It is in the public interest to continue a college education upon a student who has already completed the majority of the semester and has only 19 days remaining in the semester.

## CONCLUSION

For the reasons asserted in Jane Doe's opening Motion for a Preliminary Injunction, Dkt. No. 2, and this reply submission, plaintiff Jane Doe respectfully requests that the Court extend its previously ordered temporary restraining order, Dkt. No. 13, and enjoin defendant New York University from imposing its sanction of suspension.

/s/Julie A. Nociolo
Julie A. Nociolo
SDNY Bar Roll No. JN5887